IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
WRIGHT MANUFACTURING, INC.    :
                              :
v.                            :
                              :
EXCEL INDUSTRIES, INC. et al. :    Civil Action No. WMN-06-2770
                              :
                              :

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

WRIGHT MANUFACTURING, INC.    :
                              :
v.                            :
                              :
CUB CADET LLC et al.          :    Civil Action No. WMN-07-891
                              :
```

MEMORANDUM

Before the Court is Plaintiff, Wright Manufacturing, Inc.'s
(Wright), Motion to Consolidate Discovery and Pretrial
Proceedings in Civil No. 06-2770 (Excel action) and Civil No. 07-
891 (Cub Cadet action).  Paper No. 117 (Civ. No. 06-2770) & Paper
No. 11 (Civ. No. 07-891).  Ariens Company (Ariens), a Defendant
in the Excel action, filed an opposition to the motion.  Paper
No. 127.  The remaining Defendants in the Excel action, Auburn
Consolidated Industries, Inc., Excel Industries, Inc., and Toro
Company (collectively Auburn), jointly filed a separate
opposition consenting to consolidation under certain limited
circumstances, but otherwise opposing consolidation.  Paper No.
128.[1]  In the Cub Cadet action, the three Defendants, Cub Cadet

_____

[1]Defendant Great Plains Manufacturing, Inc. also joined in
the opposition.  Great Plains has since taken a license under

LLC (CC), MTD Consumer Group Inc. (MTDCG), and MTD Products, Inc. (MTDP)(collectively Cub Cadet), filed a joint opposition to the motion to consolidate.  Paper No. 13.  Plaintiff has replied. Papers No. 132 (Excel action) & 14 (Cub Cadet action).  Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Plaintiff's motion to consolidate will be granted for the limited purpose of claim construction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Both of the above referenced cases are patent infringement actions wherein Wright alleges that Defendants infringe three of Wright's U.S. Patents: No. 6,912,831 (<u>Power Mower With Pump Lock-Out System</u>)('831), No. 6,550,563 (<u>Power Mower with Riding Platform for Supporting Standing Operator During Operation</u>)('563), and No. 5,984,031 (<u>Power Mower with Riding Platform for Supporting Standing Operator During Operation</u>)('031).  The allegations of each complaint are substantially similar.  Wright alleges that all of the Defendants are engaged in the manufacture and/or distribution of lawnmowers; that each Defendant has infringed the patents directly by "selling, advertising, promoting, offering to sell, making, causing to be made, importing, and/or using" infringing

---

Plaintiff's patents and was voluntarily dismissed from the case on September 13, 2007.

Two other Defendants, Briggs & Stratton Corporation and Simplicity Manufacturing, previously were dismissed from the Excel action on July 23, 2007.

lawnmowers[2]; and that certain Defendants also are liable for inducing infringement of the patents by other Defendants in the two actions. Excel Compl. ¶¶ 18-19, 21, 23, 29-30, 32, 34, 40-41, 43, 45; Cub Cadet Compl. ¶¶ 14-16, 22-24, 30-32.

All of the Defendants have answered, denying infringement of the patents and raising similar affirmative defenses, and each[3] also has counterclaimed for a declaratory judgment that the patents are invalid, void, or unenforceable under 35 U.S.C. §101 et seq. and/or that the patents have not been infringed.

## II. DISCUSSION

Rule 42 provides, in pertinent part:

> When actions involving a common question of law or fact
> are pending before the court, it may order a joint
> hearing or trial of any or all the matters in issue in
> the actions; it may order all the actions consolidated;
> and it may make such orders concerning proceedings
> therein as may tend to avoid unnecessary costs or
> delay.

Fed. R. Civ. P. 42(a).  The district courts are vested with broad discretion to determine whether to consolidate actions pending in the same district.  A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co., 559 F.2d 928, 933 (4th Cir. 1977).  In deciding whether to consolidate, the Court must determine "whether the specific risks of prejudice and possible confusion [are]

---

[2]In Wright's Second Amended Complaint in the Excel Action, it omits "causing to be made" and "importing" from the list of alleged infringing activities.

[3]In the Cub Cadet action, although the three Defendants jointly answered the Complaint, only MTDP asserts a counter-claim for declaratory judgment.

3

overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." <u>Arnold v. E. Air Lines, Inc.</u>, 681 F.2d 186, 193 (4th Cir. 1982) (citing Fed. R. Civ. P. 42).

In the instant cases, Wright seeks consolidation "at least [for] purposes of discovery and pre-trial proceedings."  Mot. at 1.  Both Ariens, in the Excel action, and Cub Cadet oppose consolidation outright.  Auburn consents to consolidation "<u>only if</u> claim construction is also consolidated with a common and timely <u>Markman</u>[4] proceeding and [] the matters are <u>not</u> consolidated for trial."  Auburn Opp. at 2 (emphasis in original).  Absent these conditions, Auburn opposes consolidation.  While Wright agrees that consolidation for claim construction would be appropriate, it disagrees that an early <u>Markman</u> hearing need be scheduled, preferring instead to resolve claim construction at the summary judgment stage.  Reply at 3.

In support of consolidation, Wright argues that the two cases involve the same three patents and, as such, claim construction "is common to both cases."  Mot. at 2.  Furthermore,

---

[4]<u>Markman v. Westview Instruments, Inc.</u>, 52 F.3d 967 (Fed. Cir. 1995)(interpretation of patent claims is exclusively a matter of law).

Wright contends that consolidation is appropriate because joint and several liability is alleged as to Ariens and Cub Cadet premised on Ariens's alleged licensing of infringing technology to Cub Cadet.  <u>Id.</u>  Thus, Wright must show direct infringement of the patents by Cub Cadet in each action: to prove Ariens's licensor liability in the Excel action and Cub Cadet's direct liability in the Cub Cadet action.[5]

Ariens asserts that the only common link between the two cases -- the alleged infringement of the three patents -- is insufficient to warrant consolidation where Wright fails to provide any evidence that "the competing and allegedly infringing mower designs are 'similar,' and thus <u>no evidence</u> that there are any common issues of fact or law regarding infringement or damages[.]"  Ariens's Opp. at 1 (emphasis in original).  The alleged joint and several liability of Ariens and Cub Cadet also does not require consolidation because Wright fails to allege any involvement by Ariens in Cub Cadet's allegedly infringing conduct.  Moreover, Ariens asserts that the licensing agreement to which Wright refers is not between Ariens and any of the Cub

_____

[5]Other relevant factual issues alleged to be common to the two cases include facts as to: 1) validity of the patents, 2) "reasonable royalty" damages, 3) conception and development of the patents, 4) Wright's lost profits, 5) prior art references, 6) patent marking by Wright and the date when damages began to accrue, and 7) the general technology of zero turning-radius mowers.  <u>Id.</u>  Lastly, Wright argues that consolidation will promote economy in discovery because the defendants in each case likely will seek to depose the same inventors of the patents-in-suit as well as Wright's experts.

Cadet Defendants.[6]

Cub Cadet similarly contends that there is an insufficient legal and factual nexus between the cases to warrant consolidation.  Cub Cadet further asserts that the differences between the affirmative defenses raised by it and the Excel Defendants weighs against consolidation.[7]  Cub Cadet Opp. at 2-3.

Both Ariens and Cub Cadet allege that prejudice will result from consolidation.  Ariens states that delay is likely to result from consolidation given that discovery is well underway in the Excel action with depositions scheduled for early September and "extensive written discovery" served.  Ariens's Opp. at 3.  Cub Cadet asserts that it will be prejudiced if forced to share deposition time with the Excel Defendants and that its validity case may "be hampered by the expansive and potentially different approach" of the Excel Defendants.[8]  Cub Cadet Opp. at 5.

-----

[6] According to Ariens, the only license is a cross-licensing agreement between Ariens and an entity named Commercial Turf Products, Ltd., a wholly-owned subsidiary of MTD Holdings, and neither of the latter entities is a named defendant in the Cub Cadet action.  Ariens's Opp at 2 & Ex. A (Patent License Agreement between Ariens and Commercial Turf Products, LTD - Sealed Document).

In Cub Cadet's opposition, however, it states that "the existence of a license agreement between Cub Cadet and Ariens . . . is undisputed[.]" Cub Cadet Opp. at 3.  The Court is unclear whether the license to which Cub Cadet refers is the same as Ariens's Exhibit A.

[7] Cub Cadet raises a defense of invalidity under 35 U.S.C. §§ 102-103.  All of the Excel Defendants also raise invalidity defenses under those sections, but several also assert a defense under 35 U.S.C. §§ 101 & 112.

[8] Cub Cadet also asserts that Wright "is setting up a guilt by created association scheme" to confuse a jury in the potential

For the reasons to follow, the Court finds that it is in the interest of justice and judicial economy to consolidate the Excel and Cub Cadet actions at least for the limited purpose of claim construction and to set the cases in for an early, consolidated Markman hearing. Where infringement of the same patents are at issue, "it is undeniable that the court will inevitably be faced with duplicative arguments and overlapping evidence." Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc., 233 F.R.D. 615, 618 (D. Kan. 2006) (denying motion to sever in a patent infringement action involving allegations that four defendants each infringed seven patents and where identical affirmative defenses were raised). In the instant cases, claims of infringement of the same three patents are at issue and Defendants each raise affirmative defenses of invalidity, voidness, and/or unenforceability under 35 U.S.C. 101 et seq. Consolidation under the circumstances would provide the Court with a singular opportunity to perform a Markman construction, thereby reducing the potential for inconsistent interpretation. Mymail, Ltd. v. America Online, Inc., 223 F.R.D. 455, 458 (E.D. Tex. 2004).

The fact that the cases are at different stages of discovery is not fatal to consolidation. See, e.g., Monzo v. Am. Airlines, Inc., 94 F.R.D. 672, 673 (S.D.N.Y. 1982) (consolidation of two cases at different stages of discovery appropriate where trial is not scheduled in either case and consolidation will save judicial

---

trial of the action. As Wright does not yet request, nor will the Court entertain at this juncture, consolidation for trial, this argument is without merit.

7

time and expense).  In the Excel action, discovery has recently
commenced.  Under the Court's August 14, 2007, revised scheduling
order, the first deadline, for joinder of additional parties and
amendment, is November 10, 2007.  According to Wright,
depositions of the two inventors of the patents-in-suit have been
scheduled for mid-October.  Reply at 4.   A scheduling order has
not yet been entered in the Cub Cadet action.  Thus, while the
cases are at different stages, neither has been scheduled for
trial and only early discovery has commenced in the Excel action.
Any delay resulting from consolidation is thus likely to be
minimal.

     The Court reserves the right to reconsider the issue of
consolidation after claim construction is complete to determine
if differences between the allegedly infringing products in the
Excel and Cub Cadet actions or other considerations weigh in
favor of separate proceedings.

     The Court recognizes that modifications of the current
scheduling order in the Excel action will be necessary to provide
for exchange of claim terms for construction, exchange of
proposed constructions of the claims, and for briefing on the
issue of claim construction for the claims in dispute.
Accordingly, the parties shall confer to discuss a mutually
agreeable timetable and submit to the Court within 10 days of the
date of the attached order a proposed briefing schedule for the

claim construction phase of these consolidated proceedings.[9]  If agreement cannot be reached, the parties should notify the Court and the Court will set in a scheduling conference.

## III. CONCLUSION

For the above stated reasons, Wright's Motion to Consolidate will be GRANTED for the purposes of claim construction and the parties shall submit a proposed scheduling order for claim construction briefing within 10 days.  A separate order consistent with this memorandum will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge

Dated: October 4th , 2007

---

[9]Under the scheduling order currently in force in the Excel action, the parties are engaged in discovery and have apparently scheduled depositions for mid-October.  As the Court is modifying the scheduling order to provide for an early claim construction hearing, it is unclear what discovery can or need proceed at this time.  The parties also should confer as to this issue to determine if agreement can be reached.